UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH DELACRUZ,<br><br>　　Plaintiff,<br><br>vs.<br><br>COEUR D'ALENE POLICE DEPARTMENT; THOMAS CRONIN, CHIEF OF POLICE; J.L. BRAINARD; DAN DIXON; TIM HANNA; DON ASHENBRENNER; ROCKY WATSON, KOOTENAI COUNTY SHERIFF; AMBER EGAN; ALANA HUNT; KENNETH HAMLEY; PAUL HAST; DENNIS ARNDS; RICH LYON; DARREN MORGAN; JM YOUNG; ANDY BOYLE; MARK BRANDTL; SHARON BARKLEY; JUDITH LOBUE; G. KENNEDY; GORDON LUTHER;<br><br>　　Defendants. | Case No.: CV 05-157-N-EJL<br><br>**ORDER** |

Currently pending before the Court are Plaintiff's Second Amended Complaint, which has not been reviewed; two Motions for Summary Judgment filed by Defendants Craig Campbell, Chad Gunlikson, David Peterson, and Michael Saindon (Docket Nos. 96, 97); and two Motions for Extension of Time (Docket Nos. 97, 98) filed by Plaintiff seeking more time to respond to the motions for summary judgment. Having reviewed the motions and responses, as well as the record in this case, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER 1**

## I.  BACKGROUND

Plaintiff alleges that, on April 6, 2003, during his stay at the Red Lion Inn in Post Falls, Idaho, government agents used excessive force in arresting him and thereafter failed to provide proper medical care for his injuries.  He was eventually diagnosed with a spinal cord injury.  He alleges that he now has 80% paralysis in the lower body and suffers from a loss of urinary and bowel control.

## II.  PROCEDURAL HISTORY

The procedural history of this case is lengthy.  Given the serious nature of the allegations in the Complaint and the difficulties associated with representing oneself while incarcerated, the Court has provided Plaintiff with repeated extensions and opportunities to identify and serve all Defendants Plaintiff can realistically link to any action or inaction causally connected to the allegations in the Complaint.  In addition, the case was stayed for almost six months in order to find pro bono legal counsel to assist Plaintiff.  Now, over a year later, it is clearer than ever that the case needs to be set back on track for resolution.

Plaintiff initiated this lawsuit on April 22, 2005.  In the initial Complaint, Plaintiff made claims against the following Defendants: (1) Federal Funded Agents, (2) Missouri River Drug Task Force; (3) Kootenai County Sheriff's Department; (4) Rocky Watson, Sheriff; (5) Does 1-100; and (6) David Peterson.  *Complaint* (Docket No. 3).  The Court issued an Initial Review Order on June 22, 2005 and dismissed Plaintiff's Complaint without prejudice stating, "[i]f Plaintiff wishes to proceed, he will be required to submit

**MEMORANDUM DECISION AND ORDER  2**

an amended complaint. . . .  Plaintiff is advised that he must assert the personal participation of each defendant in order to maintain a cause of action against him or her." *Initial Review Order*, p. 2 (Docket No. 7).  The Court further stated that "[t]he amended complaint must allege in specific terms the following: (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights; (2) the dates on which the conduct of each Defendant allegedly took place; (3) the specific conduct or action Plaintiff alleges is unconstitutional; and (4) the remedy sought." *Id.* at p. 4.  In addition, the Court made clear that, "[a]fter Plaintiff files his amended complaint, the Court will perform a second review before service of process occurs." *Id.* at p. 5.

Nonetheless, before the Amended Complaint was filed, Defendant Rocky Watson was served with the initial complaint (Docket No. 15) and on December 15, 2005, he filed an Answer to the Complaint. (Docket No. 17).  On December 23, 2005, in response to the responsive pleading, the Court issued a pre-trial schedule.  (Docket No. 19).

On May 26, 2006, after many requests for extension and over a year after the initial Complaint was filed, Plaintiff filed his First Amended Complaint (Docket No. 23). In the Amended Complaint, Plaintiff included all of the Defendants identified in the first Complaint, except for the general category of unidentified "Federal Funded Agents;" and added Defendants from the Coeur d'Alene Police Department, the Federal Bureau of Prisons, Kootenai County and the Missouri River Drug Task Force.  The 27 Defendants

**MEMORANDUM DECISION AND ORDER  3**

identified in the Amended Complaint[1], include:

    (1)    the Federal Bureau of Prisons; Harley Lappin, the Director of the Federal Bureau of Prisons; Joseph Woodring, the Warden at the Federal Correctional Institution; E.G. Castro, M.D., employed at the Federal Correctional Institution Terminal Island, CA; and J. Cornejo, P.A. employed at the Federal Correctional Institution Terminal Island, CA (the "Federal Bureau of Prisons Defendants");

    (2)    the Coeur d'Alene Police Department; Thomas Cronin, Chief of Police, Coeur d'Alene Police Department; Dan Dixon; J.L. Brainard, and Tim Hanna (the "Coeur d'Alene Police Department Defendants");

    (3)    the Kootenai County Sheriff's Office; Rocky Watson, Kootenai County Sheriff; Amber Egan, Alana Hunt, Kenneth Hamley, P. Hast, Dennis Arnds, and One Unknown Nurse[2] (the "Kootenai County Defendants");

    (4)    the Missouri River Drug Task Force, Chad Gunlikson, David Peterson, Michael Saindon (the "Missouri River Task Force Defendants"); and

    (5)    Other miscellaneous Defendants including: One Unknown FBI Agent; One Unknown DEA Agent; Gerald Stemm, Idaho State Police; and Does 1-5.

*Id*.

On November 20, 2006, the case was assigned to the undersigned United States District Judge (Docket No. 26) and on January 25, 2007 an order was issued reviewing the First Amended Complaint (Docket No. 29). In this Order, the Court, *inter alia*, dismissed all claims against the Federal Bureau of Prisons Defendants and extended

---

[1] The Complaint caption includes additional Defendants whom are not identified as "Parties to the Action." These Defendants are: J.M. Young, One Unknown Joint Task Force Project Director, and One Unknown Joint Agency Task Force Supervisor. *First Amended Complaint*, pp. 2-3 (Docket No 23).

[2] This "Unknown Nurse" is not in the caption but is listed as one of the "Parties to the Action." *Id.*

**MEMORANDUM DECISION AND ORDER  4**

deadlines applicable to dispositive motions. *Order*, pp. 5-6 (Docket No. 29).

Two dispositive motions were later filed: the Kootenai County Defendants filed a Motion for Summary Judgment (Docket No. 41) and Defendant Gerald Stemm filed a Motion to Dismiss (Docket No. 47). On September 25, 2007, due to Plaintiff's notice of non-opposition, the Court granted Defendant Stemm's Motion to Dismiss. *See Order* (Docket No. 50).

On January 16, 2008, the Court conditionally granted the Kootenai County Defendants' Motion for Summary Judgment (Docket No. 41) stating that the decision would become final unless Plaintiff filed an opposition brief by January 31, 2008. (Docket No. 51). In addition, the Court allowed Plaintiff to substitute certain unidentified parties as follows: Daniel Soumas was identified as "Unknown Joint Agency Task Force Supervisor" and DOES 1-5 were identified as Craig Campbell, Rich Lyon, Andy Boyle, Darren Morgan, and Don Ashenbrenner. *Id.*

On June 9, 2008, prior to filing a response to the pending summary judgment motion, Plaintiff filed a Motion to Stay Proceedings (Docket No. 64) and Motion to Appoint Counsel (Docket No. 65) alleging that he no longer had access to his legal file, because the inmate helping him with this case was transferred while in possession of the file. *Motion to Stay Proceedings*, p. 2 (Docket No. 64). The Court initially denied the stay but allowed Plaintiff more time to file a response in light of the difficulties he faced representing himself without having access to his files. (Docket No. 67). On September 10, 2008, Plaintiff filed a response in opposition to the Kootenai County Defendants'

**MEMORANDUM DECISION AND ORDER 5**

Motion for Summary Judgement.  (Docket No. 71).

On October 16, 2008, the Court issued an order, *inter alia*, granting in part and denying in part the Kootenai County Defendants' Motion for Summary Judgment (Docket No. 41).  *See Order* (Docket No 76).  More specifically, the Court dismissed the excessive force claims against Defendant Officers Amber Eagan, Kenneth Hamley, Paul Hast, and Dennis Arnds, and Defendant Alana Hunt[3]; and all claims against the Kootenai County Sheriff's Office and the Missouri River Task Force.  *Id.*  The Court also administratively terminated the case in order to find Plaintiff legal counsel.  *Id.*

On April 7, 2009, the case was reopened and Plaintiff's counsel was appointed.  (Docket No. 80).  In that Order the Court set a new schedule for exchanging Rule 26 disclosures, identifying and providing service addresses for all Defendants, and ordered all counsel to meet and confer and submit a new schedule moving forward.  *Id.*

Also on April 7, 2009, Defendants Chad Gunlikson, David Peterson, and Michael Saindon filed a Motion for Summary Judgment with supporting affidavits contending that they were not physically present when Plaintiff was arrested and Plaintiff's claims are barred by the statute of limitations.  *Defendants Gunlikson, Peterson and Saidon's Renewed Motion for Summary Judgment* (Docket No. 81).  Plaintiff's newly-appointed counsel requested an extension of time to respond to the motion (Docket No. 82) and later requested an extension of time to complete Rule 26 disclosures (Docket No. 84).

---

[3] These Defendants still have claims against them relating to the failure to provide medical care while Plaintiff was in Kootenai County Jail (Docket No. 76).

**MEMORANDUM DECISION AND ORDER  6**

On June 10, 2009, the Court denied the pending motion for summary judgment without prejudice and granted Plaintiff's counsel several extensions to the April 7, 2009 Scheduling Order.  (Docket No. 85).  On August 7, 2009, Plaintiff's counsel provided the Court with the names and addresses of six Defendants.  *See Notice*  (Docket No. 86).  The Court then issued an Order requiring Plaintiff to file an amended complaint with factual allegations specific to these Defendants.  (Docket No. 89).

On September 30, 2009, Plaintiff filed a Second Amended Complaint (Docket No. 93).  The Second Amended Complaint has not been reviewed.  In addition, there are two pending motions for summary judgment, one from Defendant Craig Campbell (Docket No. 95) and the other a renewed motion from Defendants Chad Gunlikson, David Peterson, and Michael Saindon (Docket No. 96).  Plaintiff's counsel has filed two separate motions for extension of time to respond to these summary judgment motions.  (Docket Nos. 97, 98).

### III.  REVIEW OF SECOND AMENDED COMPLAINT

**A.**     **Law Governing Review of Complaints**

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

**MEMORANDUM DECISION AND ORDER  7**

1915(e)(2)(B); 28 U.S.C. § 1915A.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In *Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989), the court outlined the requirements for a finding of proximate causation:

> Liability under section 1983 arises only upon a showing of personal participation by the defendant. *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

*Id*. at 1045.

Moreover, alleging the bare elements of a claim is not sufficient to state a claim. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953-54 (2009) ("the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context[,] . . . [a]nd Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label "general allegation," and expect his complaint to survive . . . dismiss[al]"). Plaintiff must allege a factual context for the claim to move forward with a claim.

**B.     Analysis**

The factual allegations in the Second Amended Complaint are generally consistent with those made in previous complaints regarding the excessive force and failure to provide adequate medical care at the jail and in the federal prison system. However, in

**MEMORANDUM DECISION AND ORDER  8**

the Second Amended Complaint, Plaintiff identifies certain actors who actively participated in or observed the alleged beating and the jail staff who allegedly failed to provide him adequate medical care. *Second Amended Complaint* (Docket No. 93). In total, Plaintiff identifies 34 Defendants, including Defendants who have already been dismissed from this lawsuit and five new Defendants: Mark Brandtl, Sharon Barkley, Judith Lobue, G. Kennedy, and Gordon Luther. *Id.* at p. 5. Also consistent with the First Amended Complaint, Plaintiff asserts five claims of relief: excessive force, cruel and unusual punishment (inadequate medical attention), conspiracy and concealment, failure to supervise, and falsification of records.

      1.      <u>Federal Bureau of Prison Defendants</u>

Plaintiff is currently incarcerated in a Federal Bureau of Prisons Facility, the Federal Correctional Institution, Terminal Island, in California. The Federal Bureau of Prisons Defendants are located in Washington, D.C. and California. *Second Amended Complaint*, ¶¶ 1.5, 1.6, 1.25, 1.26 (Docket No. 93).

The Federal Bureau of Prison Defendants were dismissed from this suit without prejudice in January 2007, primarily because the Court does not have personal jurisdiction over these Defendants. *Order*, pp. 5-6 (Docket No. 29). Nonetheless, in the Second Amended Complaint Plaintiff asserts that a Falsification of Records claim against Federal Bureau of Prisons Defendants Lappin, Woodring, Castro, and Cornejo, and perhaps the Federal Bureau of Prisons, on the basis that they "violated Plaintiff's right to have accurate medical records and information maintained on his behalf." *Second*

**MEMORANDUM DECISION AND ORDER  9**

*Amended Complaint*, ¶ 8.5 (Docket No. 93).

As the Court stated in 2007, "[t]here are no allegations showing that these Defendants treated or failed to treat Plaintiff in Idaho.  Accordingly, there is no personal jurisdiction over these Defendants." *Order*, p. 6 (Docket No. 29).  Without a factual allegation linking these Defendants to the State of Idaho, the claims against the Bureau of Prisons Defendants must be dismissed.

2. <u>Kootenai County Sheriff's Department</u>

The Kootenai County Sheriff's Department was dismissed from this lawsuit on summary judgment.  *See Order*, p. 13 (Docket No. 76).  Plaintiff cannot revive these claims here and has made no new allegations that would suggest a different result is warranted.  Accordingly and to clarify, any claims against the Kootenai County Sheriff's Department are dismissed.

3. <u>New Defendants</u>

Plaintiff has named five additional Defendants in this Second Amended Complaint: Mark Brandtl, Sharon Barkley, Judith Lobue, G. Kennedy, and Gordon Luther.  Plaintiff may proceed with these claims.

4. <u>Excessive Force</u>

As previously described, Plaintiff has made an effective excessive force claim. (Docket Nos. 29, 76).  This claim is analyzed under the Fourth Amendment, as it applies during arrest.  *See Graham v. Connor*, 490 U.S. 386, 394 (9th Cir. 1983).  Plaintiff may proceed with this claim.

**MEMORANDUM DECISION AND ORDER  10**

5. Deliberate Indifference Claim

Plaintiff refers to this claim under the Eighth Amendment. However, as a pretrial detainee, the challenge is properly brought under the Fourteenth Amendment as a violation of his right to adequate medical care. *See Redman v. County of San Diego*, 942 F.2d 1435, 1440 (9th Cir.) (en banc), *cert. denied*, 502 U.S. 1074 (1991); *Pierce v. County of Orange,* 526 F.3d 1190 (9th Cir. 2008). Plaintiff may proceed with this claim.

6. Conspiracy and Concealment

Plaintiff alleges that the individual officers entered into a conspiracy to treat him with excessive force at his arrest. As the Court has previously stated in this case, this claim may be brought pursuant to § 1983, rather than § 1985.

In order to state a claim under either Section 1985(2) or (3), Plaintiff must allege a racial or class-based discriminatory animus behind the conspirators' actions. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also A & A Concrete, Inc. v. White Mountain Apache Tribe*, 676 F.2d 1330, 1333 (9th Cir. 1982) (claims under sections 1985(2) and 1985(3) require the element of class-based animus). Plaintiff may not proceed under § 1985, because he has not alleged that he is a member of a protected class. However, Plaintiff may proceed on his conspiracy theory under § 1983.

7. Failure to Supervise

The failure to supervise claim set forth in the Second Amended Complaint is generally consistent with that in the First Amended Complaint. Both assert a failure to supervise claim based on the Defendants' alleged failure to follow the policies set forth in

**MEMORANDUM DECISION AND ORDER 11**

the Kootenai County Joint Agency Task Force Mutual Assitance Compact.  *First Amended Complaint*, p. 10 (Docket No. 23); *Second Amended Complaint*, ¶¶ 7.1-7.4 (Docket No. 93).  As described in the Second Amended Complaint, Plaintiff contends:

> The absence of investigation, imposition of penalties, and sanctions against the individual officers, deputies, agents, and jail personnel involved, indicates and implies a unified policy among the various participating agencies of permitting and allowing such agents and or officers in the field to use excessive force to arrest suspects, and permitting and allowing continuing medical neglect of the same subsequent to such arrest and incarceration.

*Second Amended Complaint*, ¶ 7.3.

The Court previously dismissed this claim against the Kootenai County Sheriff's Department on summary judgment, finding that the alleged failure to follow the procedures set forth in the Kootenai County Joint Agency Task Force Mutual Assistance Compact in one instance did not state a claim.  *Memorandum Decision and Order*, pp. 12-13 (Docket No. 76).  However, this previous ruling does not preclude Plaintiff from bringing this same claim against the individual Defendants acting in a supervisory role, because the Court's previous analysis of this issue was in the context of municipal liability under Section 1983.[4]

A Section 1983 claim against a municipality requires that a policy was the moving

---

[4] Because there is no respondeat superior liability under Section 1983, a local governmental entity may not be sued except where it is alleged that the execution of a government's policy or custom inflicted the injury of which Plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978).

**MEMORANDUM DECISION AND ORDER  12**

force behind the constitutional violation.  *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).  The Court previously found that Plaintiffs allegations were not sufficient to support a claim against the Kootenai County Sheriff's Department, because they did not suggest that a policy (or routine failure to follow a policy) was the moving force behind either the alleged excessive force or the alleged lack of medical care.  *Memorandum Decision and Order*, pp. 12-13 (Docket No. 76).

Nonetheless, while a policy is required for liability to attach to a municipality, it is not required to establish supervisory liability.  A person "subjects" another to the deprivation of a constitutional right, within the meaning of Section 1983, "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citing *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976)).  "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).

Accordingly, Plaintiff may proceed with this failure to supervise claim against the

**MEMORANDUM DECISION AND ORDER  13**

individual Defendants acting in a supervisory role.  Though the alleged acts and omissions are insufficient to establish a municipal policy, they are sufficient for the purpose of holding individual supervisors liable under a failure to supervise theory.

      8.      <u>Falsification of Records</u>

In the First Amended Complaint, Plaintiff asserted a falsification of records claim against the Bureau of Prisons Defendants.  *First Amended Complaint*, p. 10 (Docket No. 23).  However, as previously mentioned, the Bureau of Prisons Defendants were dismissed on initial review for lack of jurisdiction.  *Order*, pp. 5-6 (Docket No. 29).

In the Second Amended Complaint, Plaintiff has resurrected this claim, not only against the Federal Bureau of Prisons, but also against the Kootenai County Defendants and some of the Coeur d'Alene Police Department Defendants, who allegedly "failed to properly report and record Plaintiff's medical condition and otherwise negligently maintained or deliberately falsified Plaintiff's medical records in a manner that foreseeably minimized Plaintiff's injuries and distress, and did not reflect Plaintiff's serious medical needs."  *Second Amended Complaint*, ¶ 8.4 (Docket No. 93).

The falsification of medical records alone does not constitute an independent basis for relief under Section 1983.  *See Landrigan v. City of Warwick* 628 F.2d 736 (1st Cir. 1980) (holding "the existence of a false police report . . . does not by itself deprive[] a person of a right secured by the Constitution and its laws.").  Nonetheless, if true, these allegations may support a constitutional claim otherwise cognizable under Section 1983.  *See Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997) (holding whether prison physician

**MEMORANDUM DECISION AND ORDER  14**

falsified medical data is a question of fact that speaks to whether the physician was deliberately indifferent to prisoner's well-being in violation of Eighth Amendment).

Here, Plaintiff's allegations regarding the falsification of medical records are closely related to his Fourteenth Amendment claim that he did not receive proper medical care while in pretrial custody.  The implication is that Plaintiff did not receive adequate medical attention, at least in part, because of the deliberate inaccuracies in his medical record.  Accordingly, Plaintiff may proceed with the falsification records claim, not as an independent claim for relief under 42 U.S.C. § 1983, but as a basis for his Fourteenth Amendment claim related to the medical care he received while in pretrial custody.

## IV.  MOTIONS FOR SUMMARY JUDGMENT

Defendants Chad Gunlikson, David Peterson, Michael Saindon, and Craig Campbell ("Montana Defendants") have filed Motions for Summary Judgment (Docket Nos. 95, 96).  All four Defendants are or were Montana law enforcement officers assigned to the Missouri River Drug Task Force.  They move for summary judgment on two grounds: (1) they were not physically present at the Red Lion Hotel on April 6, 2003, during Plaintiff's arrest and (2) Plaintiff's claims are barred by the statute of limitations. *Memorandum in Support of Motion for Summary Judgment* (Docket No. 81-1).

The Montana Defendants' individual affidavits support their assertions that they did not participate in the events described in the Complaint.  Defendant Gunlikson was a deputy employed by the Gallatin County Sheriff's Department assigned to work on the Missouri River Drug Task Force ("Task Force").  *Affidavit of Chad Gunlikson*, ¶ 2

**MEMORANDUM DECISION AND ORDER  15**

(Docket No. 81-2).  This task force was created by several Montana local governmental jurisdictions to combat drug-related trafficking, manufacturing, and violence.  *Id.*  Gunklison was in Idaho on April 6, 2003 because the Task Force had information that individuals from Montana would be traveling to Idaho to purchase methamphetamine from Plaintiff.  *Id.* at ¶ 3.  Gunlikson states that he played no role in the tactical planning of Plaintiff's arrest and was in a car several hundred feet from the motel room where Plaintiff was arrested.  *Id.* at ¶ 4.  Gunlikson did not see the arrest, was not involved in Plaintiff's detention, and returned to Montana shortly after the arrest.  *Id.* at ¶ 5.

Defendant Peterson was a deputy employed by the Lewis Clark County Montana Sheriff's Office and assigned to work on Task Force.  *Affidavit of David Peterson*, ¶ 2 (Docket No. 81-3).  Peterson states that he played no role in the tactical planning of Plaintiff's arrest and was in a car several hundred feet from the motel room where Plaintiff was arrested.  *Id.* at ¶ 4.  Peterson did not see the arrest, was not involved in Plaintiff's detention, and returned to Montana shortly after the arrest.  *Id.* at ¶ 5.

Defendant Saindon was a police detective employed by the City of Helena, Montana Police Department and assigned to work on the Task Force.  *Affidavit of Michael Saindon*, ¶ 1 (Docket No. 81-4).  Saindon states that he played no role in the tactical planning of Plaintiff's arrest and was in Coeur d'Alene, Idaho at the time of Plaintiff's arrest and returned to Montana shortly thereafter.  *Id.* at ¶¶ 4-5.

Defendant Campbell was a police officer employed by the City of Helena, Montana and assigned to the Task Force.  *Affidavit of Craig Campbell*, ¶ 2 (Docket No. 95-1).  Campbell states that he played no role in the tactical planning of Plaintiff's arrest

**MEMORANDUM DECISION AND ORDER  16**

and when Plaintiff was arrested Campbell was in a parking lot several hundred feet away from the hotel. *Id.* at ¶ 4. Campbell further states that he interviewed Plaintiff immediately after his arrest and Plaintiff complained of physical pain caused by his arrest. *Id.* at ¶ 5. Campbell contends that he relayed Plaintiff's claims to local law enforcement and returned to Montana shortly after the interview. *Id.*

Plaintiff has not opposed the motions for summary judgment but has asked for more time to do so. Nonetheless, Defendants' statements of fact are not inconsistent with the allegations in the Second Amended Complaint (Docket No. 93). Plaintiff has identified Defendants Gunlikson, Campbell, Peterson, and Saindon as individuals he believes were directly involved in using excessive force during his arrest on April 6, 2003. *Second Amended Complaint*, ¶¶ 3.3, 4.3 (Docket No. 93). At the same time, Plaintiff admits that the officers were heavily armed and clad in riot gear, so he cannot know for certain who was there. *Id.* ("Plaintiff cannot know the identities of the officers, however to the best of Plaintiff's knowledge and belief . . . ."). Moreover, in the past, Plaintiff has also demonstrated a willingness to dismiss those Defendants who have demonstrated no direct involvement with the allegations in the Complaint. *(See* Docket Nos. 49, 71).

Because the undisputed facts support summary judgment for Defendants Gunlikson, Peterson Saindon, and Campbell, the Court will conditionally grant their motions for summary judgment. However, because Plaintiff has not filed an opposition brief, his counsel has requested more time, and this Court does not know the status of

**MEMORANDUM DECISION AND ORDER  17**

discovery in this case, Plaintiff will have an opportunity to file an opposition to the motion on or before August 2, 2010, indicating why summary judgment is not appropriate in accordance with Federal Rule of Civil Procedure 56.

## V. MOTIONS FOR EXTENSION AND CASE MANAGEMENT CONFERENCE

In light of the Court's decision above, Plaintiff's Motions for Extensions of Time (Docket Nos. 97 and 98) are MOOT.  In addition, this case is referred to Chief U.S. Magistrate Candy Dale for the purpose of conducting a telephonic case management conference on or before August 2, 2010.  The purpose of the conference is to determine a scheduling order.  Judge Dale will issue a separate order regarding what she will require from the parties at this conference.

## SUBSTITUTION OF COUNSEL

Attorney Jason Wood of Thomsen Stephens Law Offices, PLLC, shall be substituted as counsel for Plaintiff and shall participate in the telephonic case management conference on Plaintiff's behalf.  Any questions regarding this appointment may be directed to the Pro Se Office at (208) 334-1172.

The Court thanks Plaintiff's previous counsel, Val Thornton, for her time and commitment to Plaintiff's case in her pro bono appointment.

## ORDER

1.      All claims against the following Defendants are DISMISSED WITH PREJUDICE: the Federal Bureau of Prisons, Harley Lappin, Joseph Woodring, E.G. Castro, J. Cornejo, and the Kootenai County Sheriff's Department.

**MEMORANDUM DECISION AND ORDER  18**

2. The Motion for Summary Judgment of Defendants Gunlikson, Peterson, and Saindon is conditionally GRANTED. Plaintiff may file an opposition to the motion on or before August 2, 2010.

3. This case is referred to Judge Dale for the purposes of conducting a case management conference on or before August 2, 2010.

4. Attorney Jason Wood is appointed as pro bono counsel for Plaintiff. Counsel is notified that he may take advantage of the benefits offered through the Idaho State Bar Volunteer Lawyers Program. The Federal Court Pro Se Pro Bono Program cost reimbursement fund is also available to counsel; if costs are later recovered from Defendants, then counsel has an obligation to reimburse the program.

5. The Clerk of Court shall send a copy of this Order to Plaintiff; his previous counsel, Val Thornton; and his new counsel, Jason Wood.

6. For administrative purposes only, Mr. Delacruz and Mr. Wood shall be designated on the docket as co-counsel, so that both will receive notice of all subsequent filings in this case.

7. The Clerk of the Court shall also:

  a. provide a waiver of service of summons and a copy of the Second Amended Complaint (Docket No. 93) for Defendants Mark Brandtl; Sharon Barkley; Judith Lobue, R.N.; and G. Kennedy, M.D. to Peter Erbland, counsel of record for the Kootenai County Sheriff's Office; and

  b. issue and provide a Summons and a copy of the Second Amended

**MEMORANDUM DECISION AND ORDER 19**

Complaint (Docket No. 93) to the U.S. Marshal to effect service of process upon Gordon E. Luther, M.D., Kootenai Medical Center, Coeur d'Alene, Idaho 83814.

DATED: **May 6, 2010**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER  20**